**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,

v.            CIVIL ACTION NO.  2:10-cv-00859

SHIDA S. JAMIE, et al.

     Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Set Aside Default and Request for Leave of Court to File an Answer (Docket 9).  For the reasons set forth below, the motion is **GRANTED**.

*I.  BACKGROUND*

On June 22, 2010, Defendants Shida S. Jamie and Golden Heart In Home Care, LLC (together "Defendants"), were served with a civil complaint that alleged, *inter alia*, unjust enrichment, payment by mistake, and multiple False Claims Act violations.  (Docket 1.)  This case arises out of Ms. Jamie's allegedly fraudulent operation of co-Defendant Golden Heart In Home Care, LLC, a personal care provider licensed by the West Virginia Department of Health and Human Services to render certain covered services to Medicaid members.  On June 23, 2010, the day after being served with the complaint, Ms. Jamie met with an attorney to discuss her case.  She left the complaint and all associated documents with the attorney, and she reportedly understood that the attorney would file an answer to the complaint in a timely manner.  On July 19, 2010, in response to the Government's application, the Clerk of Court for the Southern District of West Virginia

entered default against Defendants.  Thereafter, Defendants contacted another attorney and filed the instant motion on July 20, 2010.

## II.  LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 55(c), a court may, "for good cause shown," set aside an entry of default.[1]  "The disposition of motions made under Rule[] 55(c) . . . is a matter which lies largely within the discretion of the trial judge . . . ."  *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 250 (4th Cir. 1967).  There are several factors a district court should consider in deciding whether to set aside an entry of  default.  These factors include: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."  *Payne v. Brake*, 439 F.3d 198, 205 (4th Cir. 2006).  In weighing and evaluating these factors, the Court must consider the "extensive line of decisions that [hold] Rule [] 55(c) . . . [should] be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."  *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).  Accordingly, "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."  *Id.*

---

[1]  In making her argument for the to set aside default, Defendant cites to Federal Rule of Civil Procedure 60(b) in addition to Rule 55(c).  However, Rule 60(b) pertains to relief from default judgment entered by the court.  No default judgment has been entered against Defendant in this case, and, as such, the appropriate analysis is under Rule 55(c) alone.  *See generally Rasmussen v. Am. Nat. Red Cross*, 155 F.R.D. 549, 550 (S.D. W. Va. 1994) (explaining the different standards applicable to setting aside entry of default by the clerk of court pursuant to Rule 55(c) and setting aside default judgment pursuant to Rule 60(b)).

### III.  DISCUSSION

#### A.  Meritorious Defense

In evaluating the applicable factors, the Government focuses on the existence of a meritorious defense.  It argues that because Defendants have not proffered thorough evidence of a meritorious defense, the Court is not permitted to set aside default pursuant to Rule 55(c).  To support its argument, the Government cites to a number of cases from this circuit.  However, the bulk of that case law pertains to Rule 60(b), which sets forth the standard for setting aside default *judgment* and is governed by a far stricter standard than Rule 55(c).  *See, e.g.*, *Rasmussen*, 155 F.R.D. at 550 (emphasizing the more lenient "good cause" standard of Rule 55(c)); *accord United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (holding that "trial judges are vested with discretion, which must be liberally exercised, in . . . providing relief" from entry of default).[2]

In their reply to the Government (Docket 12) and the attached proposed answer (Docket 12-1), Defendants deny those paragraphs establishing knowledge of the falsity of certain information underlying the False Claims Act counts pending against them.[3]  In addition to general denials, Defendants' answer contains some more detailed paragraphs that provide facts underlying their defenses.[4]  Importantly, the alleged defense need not be proven at this stage in order for it to be

---

[2]  One case, *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, deals squarely with the meritorious defense factor in the context of a Rule 55(c) analysis.  *See* 383 F.2d at 252.  However, the Fourth Circuit's holding in that case is not nearly as forceful as the Government suggests.  The precise holding of *Wagman* is that a district court does not abuse its discretion by denying a motion to set aside default pursuant to Rule 55(c) where the moving party makes only conclusory statements of a meritorious defense.

[3]  The False Claims Act counts constitute four of the seven causes of action in the complaint.

[4]  For example, several paragraphs state that Defendant Jamie believed criminal background checks were being performed in full compliance with the law, ¶ 20, and that she believed all employees to
(continued...)

"meritorious" for purposes of the Court's analysis.  *Wainwright's Vacations, LLC v. Pan Am. Airways, Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) ("[T]he moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor.").  In fact, even if a defense is tenuous, then the "meritorious defense" factor should weigh in favor of granting a motion to set aside entry of default.  *See Rasmussen*, 155 F.R.D. at 552 ("Although the Court finds the Defendant's 'meritorious defense' argument tenuous, it nonetheless recognizes the general policy of deciding cases on their merits.").  "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 72.  The denials contained in Defendants' answer, if believed, permit a jury to find in their favor on a majority of the counts contained in the Government's complaint. *See, e.g.*, *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (default may be set aside if a defendant files a proposed answer "which allege[s] specific facts beyond denials or conclusory statements"); *Essroc Cement Corp. V. CTI/D.C., Inc.*, 263 F.R.D. 17, 22 (D.D.C. 2009) (finding meritorious defense even though allegations in defendant's answer were "somewhat broad and conclusory" because the answer "provided the minimum hint of a suggestion of a meritorious defense").  Like the *Rasmussen* court, this Court recognizes the unmistakable policy of resolving cases on the merits whenever possible and justified.  In *Rasmussen*, a district court in this district held that "although Defendant has neither presented nor proffered evidence supporting its defense . . . those denials, if believed by the finder of fact, would permit a verdict for the

---

[4](...continued)
be qualified and eligible under the law, ¶ 22.

4

Defendant.  Although the Court finds the Defendant's 'meritorious defense' argument tenuous, it nonetheless recognizes the general policy of deciding cases on the merits."  155 F.R.D. at 552.  For these reasons, the Court declines the Government's suggestion that it deny Defendants' motion for failure to produce exhaustive evidence to support the denials contained in their proposed answer.

*B.  Other Factors*

Although the Government focuses on the meritorious defense factor, many courts place special emphasis on other factors—and especially whether the defaulting party is personally responsible for the delay that led to entry of default.  *See, e.g.*, *Augusta Fiberglass Coatings v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988); *Palmetto Fed. Sav. Bank v. Indus. Valley Title Ins. Co.*, 756 F. Supp. 925, 932 (D.S.C. 1991), *vacated by agreement of parties*, 1991 U.S. Dist. LEXIS 21831 (D.S.C. May 15, 1991) (listing cases).  In this case, Defendants acted in a reasonably prompt manner, obtaining new counsel and filing the current motion within one day of the clerk of court entering default against them.

Likewise, Defendants offer an excuse that evidences a lack of personal responsibility for the entry of default against them.  Specifically, Defendant Shida Jamie claims that, after communicating with her first attorney, she understood that he would file a timely answer to the complaint on behalf of both Defendants.  However, Jamie's native language is Farsi, and she now acknowledges that she may have misunderstood the agreement reached with her first attorney.

Finally, the Court is aware of no prejudice to the Government that would result from setting aside default against Defendants, and there appears to be no history of dilatory action.  To the contrary, any delay or difficulty in obtaining counsel and filing an answer to the Government's

complaint is likely attributable to the Defendants' frozen assets, which is a direct consequence of this and other lawsuits pending against them.

## IV.  CONCLUSION

Given the possibility of meritorious defenses, the availability of less drastic sanctions, the fact that there will be little prejudice to the Government, the policy of deciding cases on the merits, and especially any excusable neglect caused by Defendant Jamie's miscommunication with her first attorney, the Court **FINDS** that good cause exists to set aside the entry of default.  Accordingly, Defendants' motion to set aside default and file an amended answer is **GRANTED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        January 11, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE